**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUN 2 7 2012

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

UNITED STATES OF AMERICA          )
                                  )
                                  )  **JUDGE DOW**
                v.                )
                                  )  **MAGISTRATE JUDGE SCHENKIER**
NIXON ENCINARES,                  )  No. **12 CR    491**
MARIA BUENDIA,                    )
FARZANA BEGUM,                    )
FAUZIA LODHI,                     )  Violations: Title 18, United
KAMAL PATEL,                      )  States Code, Section 371; Title
ELSA MONTALLANA,                  )  42, United States Code,
GEORGINA COLON,                   )  Sections 1320a-7b(b)(2)(A) and
DAVID TRONCOSO, and               )  1320a-7b(b)(1)(A)
TONYA SNOWDEN                     )


## COUNT ONE

The SPECIAL SEPTEMBER 2011 GRAND JURY charges:

1.    At times material to this indictment:

a.    Medicare was a Federal health care program, as defined at Title 42, United States Code, Section 1320a-7b(f), which provided free or below-cost health care benefits to certain eligible individuals ("Medicare beneficiaries"), primarily individuals over the age of 65.

b.    Grand Home Health Care, Inc. ("Grand"), a corporation organized under the laws of the State of Illinois, and located at 7435 W. Belmont Avenue in Chicago, Illinois, was in the business of providing home health care

services to Medicare beneficiaries. Grand submitted claims to Medicare and received reimbursement for such services.

c.      Defendant NIXON ENCINARES was a nurse licensed in the State of Illinois and the President and 50-percent co-owner of Grand.

d.      Defendant MARIA BUENDIA was a nurse licensed in the State of Illinois and the 50-percent co-owner of Grand.

e.      Defendant FARZANA BEGUM was a doctor licensed in the State of Illinois.

f.      Defendant FAUZIA LODHI was a doctor licensed in the State of Illinois.

g.      Defendant KAMAL PATEL was a doctor licensed in the State of Illinois.

h.      Defendant ELSA MONTALLANA was a nurse licensed in the State of Illinois.

I.      Defendant GEORGINA COLON was employed as a social worker at Organization A.

j.      Defendant DAVID TRONCOSO was employed as a social worker at Organization A.

k.      Defendant TONYA SNOWDEN was employed as a social worker at Hospital A.

2.     Beginning in or about 2004 and continuing through on or about March 15, 2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

NIXON ENCINARES,
MARIA BUENDIA,
FARZANA BEGUM,
FAUZIA LODHI,
KAMAL PATEL,
ELSA MONTALLANA,
GEORGINA COLON,
DAVID TRONCOSO, and
TONYA SNOWDEN,

defendants herein, together with others known and unknown to the Grand Jury, did conspire:

a.     to knowingly and willfully offer and pay kickbacks, directly and indirectly, overtly and covertly, from defendants ENCINARES and BUENDIA to defendants BEGUM, LODHI, PATEL, MONTALLANA, COLON, TRONCOSO, and SNOWDEN and others, to induce the referral of patients to Grand for the furnishing of home health care services for which payment may be made in whole and in part under Medicare, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A); and

b.     to knowingly and willfully solicit and receive kickbacks, directly and indirectly, overtly and covertly, from defendants ENCINARES and BUENDIA to defendants BEGUM, LODHI, PATEL, MONTALLANA, COLON,

3

TRONCOSO, and SNOWDEN and others, in return for the referral of patients to Grand for the furnishing of home health care services for which payment may be made in whole and in part under Medicare, in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

**Manner and Means in Which the Conspiracy Was Conducted**

3.     It was part of the conspiracy that defendants ENCINARES and BUENDIA agreed to make kickback payments to defendants BEGUM, LODHI, PATEL, MONTALLANA, COLON, TRONCOSO, and SNOWDEN and others in return for their referral of Medicare beneficiaries to Grand for the provision of home health care services.

4.     It was further part of the conspiracy that from in or about January 2006 through in or about March 2011, defendants ENCINARES and BUENDIA paid defendant BEGUM at least approximately $324,000 in cash kickbacks in exchange for the referral of Medicare-eligible patients to Grand.

5.     It was further part of the conspiracy that from in or about February 2009 through in or about February 2011, defendants ENCINARES and BUENDIA paid defendant LODHI at least approximately $77,700 in cash kickbacks in exchange for the referral of Medicare-eligible patients to Grand.

6.     It was further part of the conspiracy that from in or about May 2006 through in or about February 2011, defendants ENCINARES and BUENDIA

paid defendant PATEL at least approximately $28,500 in cash kickbacks in exchange for the referral of Medicare-eligible patients to Grand.

7.     It was further part of the conspiracy that from in or about March 2010 through in or about February 2011, defendants ENCINARES and BUENDIA paid defendant MONTALLANA at least approximately $13,050 in cash kickbacks in exchange for the referral of Medicare-eligible patients to Grand.

8.     It was further part of the conspiracy that from in or about July 2010 through in or about November 2010, defendants ENCINARES and BUENDIA paid defendant COLON at least approximately $4,400 in cash kickbacks in exchange for the referral of Medicare-eligible patients to Grand.

9.     It was further part of the conspiracy that from in or about July 2010 through in or about December 2010, defendants ENCINARES and BUENDIA paid defendant TRONCOSO at least approximately $3,300 in cash kickbacks in exchange for the referral of Medicare-eligible patients to Grand.

10.     It was further part of the conspiracy that from in or about July 2009 through in or about February 2011, defendants ENCINARES and BUENDIA paid defendant SNOWDEN at least approximately $1,800 in cash kickbacks in exchange for the referral of Medicare-eligible patients to Grand.

11.    It was further part of the conspiracy that defendants BEGUM, LODHI, PATEL, MONTALLANA, COLON, TRONCOSO, and SNOWDEN and others referred patients to Grand in exchange for the cash payments from defendants ENCINARES and BUENDIA.

12.    It was further part of the conspiracy that defendants ENCINARES and BUENDIA, acting on behalf of Grand, submitted and caused to be submitted to Medicare claims for reimbursement for providing services to patients referred to Grand by defendants BEGUM, LODHI, PATEL, MONTALLANA, COLON, TRONCOSO, and SNOWDEN and others in exchange for cash kickbacks.

13.    It was further part of the conspiracy that from in or about 2005 to in or about March 2011, defendants ENCINARES and BUENDIA paid at least approximately $1,131,750 in cash kickbacks to at least approximately twenty doctors, nurses, social workers, and other health care professionals in exchange for the referral of Medicare-eligible patients to Grand.

14.    It was further part of the conspiracy that defendants ENCINARES and BUENDIA, along with defendants BEGUM, LODHI, PATEL, MONTALLANA, COLON, TRONCOSO, and SNOWDEN and others, misrepresented, concealed, hid and caused to be misrepresented, concealed and hidden, the purpose of the conspiracy and acts done in furtherance of the conspiracy.

6

## **OVERT ACTS**

15.    In furtherance of and to affect the objects of this conspiracy, the defendants committed the following overt acts, among others, in the Northern District of Illinois:

The kickback transactions charged in Counts Two through Thirty-five of this Indictment, each of which constitutes an overt act in furtherance of the conspiracy;

In violation of Title 18, United States Code, Section 371.

7

## COUNT TWO

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about September 26, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

NIXON ENCINARES and
MARIA BUENDIA,

defendants herein, knowingly and willfully offered and paid approximately $1,100 to KAMAL PATEL to induce the referral of patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

8

## COUNT THREE

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about September 26, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### KAMAL PATEL,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $1,100 from NIXON ENCINARES and MARIA BUENDIA in exchange for referring patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT FOUR

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about March 11, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

NIXON ENCINARES and
MARIA BUENDIA,

defendants herein, knowingly and willfully offered and paid approximately $1,100 to KAMAL PATEL to induce the referral of patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## COUNT FIVE

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about March 11, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### KAMAL PATEL,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $1,100 from NIXON ENCINARES and MARIA BUENDIA in exchange for referring patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT SIX

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about March 5, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

NIXON ENCINARES and
MARIA BUENDIA,

defendants herein, knowingly and willfully offered and paid approximately $5,700 to FARZANA BEGUM to induce the referral of patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## COUNT SEVEN

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about March 5, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### FARZANA BEGUM,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $5,700 from NIXON ENCINARES and MARIA BUENDIA in exchange for referring patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

13

## COUNT EIGHT

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about October 2, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

NIXON ENCINARES and
MARIA BUENDIA,

defendants herein, knowingly and willfully offered and paid approximately $5,500 to FARZANA BEGUM to induce the referral of patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## COUNT NINE

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about October 2, 2009, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### FARZANA BEGUM,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $5,500 from NIXON ENCINARES and MARIA BUENDIA in exchange for referring patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT TEN

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about March 16, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

NIXON ENCINARES and
MARIA BUENDIA,

defendants herein, knowingly and willfully offered and paid approximately $4,350 to ELSA MONTALLANA to induce the referral of patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## **COUNT ELEVEN**

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about March 16, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ELSA MONTALLANA,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $4,350 from NIXON ENCINARES and MARIA BUENDIA in exchange for referring patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT TWELVE

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about April 26, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

NIXON ENCINARES and
MARIA BUENDIA,

defendants herein, knowingly and willfully offered and paid approximately $5,700 to ELSA MONTALLANA to induce the referral of patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## COUNT THIRTEEN

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about April 26, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ELSA MONTALLANA,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $5,700 from NIXON ENCINARES and MARIA BUENDIA in exchange for referring patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT FOURTEEN

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about May 6, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

NIXON ENCINARES and
MARIA BUENDIA,

defendants herein, knowingly and willfully offered and paid approximately $2,900 to FAUZIA LODHI to induce the referral of patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## COUNT FIFTEEN

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about May 6, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### FAUZIA LODHI,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $2,900 from NIXON ENCINARES and MARIA BUENDIA in exchange for referring patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT SIXTEEN

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about June 1, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

NIXON ENCINARES and
MARIA BUENDIA,

defendants herein, knowingly and willfully offered and paid approximately $1,100 to KAMAL PATEL to induce the referral of patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## COUNT SEVENTEEN

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about June 9, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### KAMAL PATEL,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $1,100 from NIXON ENCINARES and MARIA BUENDIA in exchange for referring patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT EIGHTEEN

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about June 9, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

NIXON ENCINARES and
MARIA BUENDIA,

defendants herein, knowingly and willfully offered and paid approximately $6,000 to FARZANA BEGUM to induce the referral of patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## COUNT NINETEEN

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about June 9, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### FARZANA BEGUM,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $6,000 from NIXON ENCINARES and MARIA BUENDIA in exchange for referring patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## **COUNT TWENTY**

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about July 30, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

NIXON ENCINARES and
MARIA BUENDIA,

defendants herein, knowingly and willfully offered and paid approximately $1,100 to DAVID TRONCOSO to induce the referral of patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## COUNT TWENTY-ONE

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about July 30, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### DAVID TRONCOSO,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $1,100 from NIXON ENCINARES and MARIA BUENDIA in exchange for referring patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT TWENTY-TWO

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about September 9, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

**NIXON ENCINARES and**
**MARIA BUENDIA,**

defendants herein, knowingly and willfully offered and paid approximately $500 to TONYA SNOWDEN to induce the referral of patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## COUNT TWENTY-THREE

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about September 9, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### TONYA SNOWDEN,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $500 from NIXON ENCINARES and MARIA BUENDIA in exchange for referring patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT TWENTY-FOUR

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about September 13, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

NIXON ENCINARES and
MARIA BUENDIA,

defendants herein, knowingly and willfully offered and paid approximately $550 to GEORGINA COLON to induce the referral of patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## COUNT TWENTY-FIVE

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about September 13, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### GEORGINA COLON,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $550 from NIXON ENCINARES and MARIA BUENDIA in exchange for referring patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT TWENTY-SIX

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about October 22, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

**NIXON ENCINARES and**
**MARIA BUENDIA,**

defendants herein, knowingly and willfully offered and paid approximately $550 to GEORGINA COLON to induce the referral of patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## COUNT TWENTY-SEVEN

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about October 22, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### GEORGINA COLON,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $550 from NIXON ENCINARES and MARIA BUENDIA in exchange for referring patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT TWENTY-EIGHT

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about November 3, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

NIXON ENCINARES and
MARIA BUENDIA,

defendants herein, knowingly and willfully offered and paid approximately $4,200 to FAUZIA LODHI to induce the referral of patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## COUNT TWENTY-NINE

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about November 3, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### FAUZIA LODHI,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $4,200 from NIXON ENCINARES and MARIA BUENDIA in exchange for referring patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## **COUNT THIRTY**

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about November 12, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

NIXON ENCINARES and
MARIA BUENDIA,

defendants herein, knowingly and willfully offered and paid approximately $1,100 to GEORGINA COLON to induce the referral of patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

36

## **COUNT THIRTY-ONE**

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about November 12, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### GEORGINA COLON,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $1,100 from NIXON ENCINARES and MARIA BUENDIA in exchange for referring patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT THIRTY-TWO

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about December 3, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

NIXON ENCINARES and
MARIA BUENDIA,

defendants herein, knowingly and willfully offered and paid approximately $550 to DAVID TRONCOSO to induce the referral of patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## COUNT THIRTY-THREE

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about December 3, 2010, at Chicago, in the Northern District of Illinois, Eastern Division,

### DAVID TRONCOSO,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $550 from NIXON ENCINARES and MARIA BUENDIA in exchange for referring patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT THIRTY-FOUR

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about February 9, 2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

NIXON ENCINARES and
MARIA BUENDIA,

defendants herein, knowingly and willfully offered and paid approximately $500 to TONYA SNOWDEN to induce the referral of patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A).

## COUNT THIRTY-FIVE

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about February 9, 2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

TONYA SNOWDEN,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $500 from NIXON ENCINARES and MARIA BUENDIA in exchange for referring patients to Grand Home Health Care, Inc. for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

41

## COUNT THIRTY-SIX

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about April 1, 2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### FAUZIA LODHI,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $3,000 from Individual A in exchange for referring patients to Company A for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT THIRTY-SEVEN

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about April 5, 2011, at Arlington Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

### KAMAL PATEL,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $1,600 from Individual B in exchange for referring patients to Company A for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT THIRTY-EIGHT

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about April 12, 2011, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### FAUZIA LODHI,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $3,500 from Individual A in exchange for referring patients to Company A for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT THIRTY-NINE

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about April 14, 2011, at Norridge, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ELSA MONTALLANA,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $1,900 from Individual B in exchange for referring patients to Company A for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT FORTY

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about May 16, 2011, at Arlington Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

KAMAL PATEL,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $1,000 from Individual B in exchange for referring patients to Company A for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT FORTY-ONE

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about June 8, 2011, at Arlington Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

### KAMAL PATEL,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $800 from Individual B in exchange for referring patients to Company A for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## COUNT FORTY-TWO

The SPECIAL SEPTEMBER 2011 GRAND JURY further charges:

On or about June 23, 2011, at Harwood Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

### ELSA MONTALLANA,

defendant herein, knowingly and willfully solicited and received a kickback in the amount of approximately $1,100 from Individual B in exchange for referring patients to Company A for the furnishing and arranging for the furnishing of services for which payment may be made in whole and in part under a Federal health care program, namely Medicare;

In violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A).

## FORFEITURE ALLEGATIONS

The SPECIAL SEPTEMBER 2011 GRAND JURY further alleges:

1.   The allegations in Counts One through Forty-two of the Indictment are realleged and incorporated by reference as if fully restated herein for the purpose of alleging that certain property is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(7).

2.   As a result of their violations of Title 42, United States Code, Sections 1320a-7b(b)(2)(A) and 1320a-7b(b)(1)(A), as alleged in the foregoing indictment,

NIXON ENCINARES,
MARIA BUENDIA,
FARZANA BEGUM,
FAUZIA LODHI,
KAMAL PATEL,
ELSA MONTALLANA,
GEORGINA COLON,
DAVID TRONCOSO, and
TONYA SNOWDEN,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 982(a)(7), any and all right, title and interest in property, real and personal, which constitutes and is derived directly and indirectly from gross proceeds traceable to the charged offenses.

3.    The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(7) include, but are not limited to:

a.    For defendants ENCINARES and BUENDIA, (1) the total amount of Medicare reimbursements made on claims submitted on behalf of patients for whose referral defendants ENCINARES and/or BUENDIA paid kickbacks, and (2) the total amount of kickbacks paid; and

b.    For defendants FARZANA BEGUM, FAUZIA LODHI, KAMAL PATEL, ELSA MONTALLANA, GEORGINA COLON, DAVID TRONCOSO, and TONYA SNOWDEN, (1) the total amount of Medicare reimbursements made on claims submitted on behalf of patients for whom defendants FARZANA BEGUM, FAUZIA LODHI, KAMAL PATEL, ELSA MONTALLANA, GEORGINA COLON, DAVID TRONCOSO, and TONYA SNOWDEN received kickbacks, and (2) the total amount of kickbacks received by defendants FARZANA BEGUM, FAUZIA LODHI, KAMAL PATEL, ELSA MONTALLANA, GEORGINA COLON, DAVID TRONCOSO, and TONYA SNOWDEN.

4.    If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred to, sold to, or deposited with a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value;

    e.    has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property, under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982(a)(7).


A TRUE BILL:


_____

FOREPERSON


_____

UNITED STATES ATTORNEY


51